# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY L. KING, | 1:09-cv-01215-AWI-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING DENIAL OF PLAINTIFF'S MOTION FOR REMAND |
| v. | (Doc. 3.) |
| BEREGOVSKAYA, et al., | OBJECTIONS, IF ANY, DUE IN 30 DAYS |
| Defendants. | |

## I. RELEVANT PROCEDURAL HISTORY

Anthony L. King ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff commenced this action on April 17, 2009, at the Kings County Superior Court, case number 09C-0129. On July 10, 2009, defendants Beregovskaya and Enenmoh ("Defendants") removed this action to federal court. (Doc. 1.) On July 21, 2009, Plaintiff filed a motion to remand this action to state court. (Doc. 3.) Defendants have not filed an opposition.

## II. REMOVAL

Removal of an action under 28 U.S.C. § 1441(b) depends solely on the nature of the plaintiff's complaint, and is properly removed only if "a right or immunity created by the Constitution or laws of the United States [constitutes] an element, and an essential one, of the plaintiff's cause of action." Gully v. First National Bank in Meridian, 299 U.S. 109, 112 (1936).

The plaintiff is the master of his or her own complaint and is free to ignore the federal cause of action and rest the claim solely on a state cause of action. See The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25, (1913); Jones v. General Tire & Rubber Co., 541 F.2d 660, 664 (7th Cir.1976); La Chemise Lacoste v. Alligator Co., 506 F.2d 339, 346 (3d Cir.1974), cert. denied, 421 U.S. 937 (1975). However, under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction." Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

*Well-Pleaded Complaint Rule*

"The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc., v. Williams, 482 U.S. 386, 392 (1987) (internal quotations and citations omitted). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id.

**III.    DISCUSSION**

Removal depends solely on the nature of Plaintiff's complaint, which the Court has thoroughly reviewed. Although the complaint appears at first glance to be couched as claims under California state tort law, plaintiff also claims that defendants "violated plaintiff's constitutional right, because [their] conduct constitutes deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment, to be free from cruel and unusual punishment" and "violated plaintiff's right to be free from cruel and unusual punishment guaranteed to the plaintiff by the Eighth Amendment of . . . the United States Constitution." (Cmp. ¶¶5, 23.) Plaintiff repeats language throughout the complaint that describes the standard for inadequate medical care under the Eighth Amendment, alleging that he suffered from a "serious medical need," that defendants knew and disregarded a "risk of serious harm to plaintiff," and that "failure to treat the condition has resulted in further significant injury." (Cmp.¶¶22, 26, 33.) While such language, without more, is not enough to confer federal

| | |
|---|---|
| 1 | jurisdiction, see The Fair, 228 U.S. at 25, here Plaintiff also makes specific reference to the |
| 2 | Eighth Amendment and the United States Constitution. Therefore, the court finds that the federal |
| 3 | court has jurisdiction over the complaint, and the removal was proper. |

Plaintiff argues that this action should be remanded because the state court has jurisdiction over his § 1983 claims and plaintiffs have a choice of forum. Under § 1441(a), defendants may remove any action of which the district courts have original jurisdiction. Here, the district court has original jurisdiction over § 1983 claims, so defendants are free to remove the action to federal court, even if the state court also has jurisdiction. Therefore, the case was properly removed. Although Plaintiff is correct that he had a choice of forum, he did not rely exclusively on state law in the complaint, which opened the door for Defendants to change the forum. Accordingly, Plaintiff may not avoid federal jurisdiction, and his request for remand should be denied.

**IV. CONCLUSION**

Based on the foregoing, the court HEREBY RECOMMENDS that Plaintiff's request for remand be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **February 9, 2010**        /s/ **Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE